1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

RODNEY JAY GROH,

                 Petitioner,

       v.

STU SHERMAN,

                 Respondent.

Case No. 16-cv-00896-LB

**ORDER ON INITIAL REVIEW**

[Re: ECF No. 9 ]

## INTRODUCTION

Rodney Jay Groh, an inmate at the California Substance Abuse Treatment Facility in Corcoran, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to proceed before a magistrate judge. (ECF No. 4.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order sets a briefing schedule for a motion to dismiss due to the apparent untimeliness of the petition.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

United States District Court
Northern District of California

**STATEMENT**

The petition and attachments thereto provide the following information:  Rodney Jay Groh was convicted in Humboldt County Superior Court of second degree murder. On April 8, 2009, he was sentenced to 15 years to life in prison. He appealed. According to docket sheets on the California court website, Mr. Groh's conviction was affirmed by the California Court of Appeal on March 9, 2011, with a modification to the opinion made on March 25, 2011; his petition for review was denied by the California Supreme Court on June 22, 2011. Mr. Groh also filed a petition for writ of habeas corpus in the California Supreme Court in 2015.

Mr. Groh then filed this action. His original petition had a proof of service showing it was mailed on February 14, 2016. (ECF No. 1 at 18.) The envelope containing the original petition has a February 16, 2016 postmark. (ECF No. 1-1.) The petition was stamped "filed" at the court on February 23, 2016.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court also may order the respondent to file another motion or response where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was

removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See* 28 U.S.C. § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final and the statute of limitations began, and therefore may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, the respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that the respondent is of the opinion that a motion to dismiss is unwarranted in this case.

**CONCLUSION**

Good cause appearing therefor,

1.   The clerk shall serve a copy of this order, the petition, and the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on the petitioner.

2.   The respondent must file with the court and serve upon petitioner, on or before **June 10, 2016**, a motion to dismiss the petition or a notice that the respondent is of the opinion that a motion to dismiss is unwarranted.

3.   If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon the respondent on or before **July 8, 2016**.

4.   The respondent must file and serve his reply, if any, on or before **July 22, 2016**.

5.   The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely

United States District Court
Northern District of California

3

1    fashion.

2        6.   The petitioner is cautioned that he must include the case name and case number for this

3    case on the first page of any document he submits to the court for consideration in this case.

4    **IT IS SO ORDERED.**

5    Dated:  April 4, 2016                    _____

                                              LAUREL BEELER
6                                             United States Magistrate Judge

United States District Court
Northern District of California

4

1

2                              UNITED STATES DISTRICT COURT

3                            NORTHERN DISTRICT OF CALIFORNIA

4

5   RODNEY JAY GROH,                              Case No.  3:16-cv-00896-LB

            Plaintiff,
6

7        v.                                       **CERTIFICATE OF SERVICE**

8   STU SHERMAN,

            Defendant.
9

10          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

11  District Court, Northern District of California.

12

13          That on April 4, 2016, I SERVED a true and correct copy(ies) of the attached, by placing

14  said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

15  depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

16  receptacle located in the Clerk's office.

17

18  Rodney Jay Groh ID: G-56032
    CSATF State Prison at Corcoran E-4-145 L
19  PO Box 5242
    Corcoran, CA 93212
20

21

22  Dated: April 4, 2016                          Susan Y. Soong
                                                   Clerk, United States District Court
23

24                                                By:_____

25                                                Lashanda Scott, Deputy Clerk to the
                                                   Honorable LAUREL BEELER
26

27

28

                                                   5