UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAY GROH,<br>　　　　Petitioner,<br>　　v.<br>STU SHERMAN,<br>　　　　Respondent. | Case No. 16-cv-00896-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 15 |

Petitioner Rodney Groh seeks federal habeas relief from his state convictions. Respondent moves to dismiss as untimely the petition for such relief. (Docket No. 15.) Groh has not filed an opposition to the motion or asked for an extension of time to file one.

Groh's petition was filed years late. He is not entitled to tolling because he failed to show diligence in pursuing his claims. His claim of innocence is unsupported, rendering unavailable an equitable exception. Accordingly, the motion to dismiss is GRANTED and the petition is DISMISSED.

**BACKGROUND**

In 2009, a Humboldt County Superior Court jury convicted Groh of murder, consequent to which he was sentenced to 15 years to life in state prison. (Resp't's Mot. to Dismiss ("MTD") at 2.) He appealed. The state appellate court affirmed his conviction in March 2011, and the state supreme court denied review on June 22, 2011. (*Id.*) Groh's conviction became final 90 days later, on September 20, 2011, when the time for filing a petition of certiorari to the U.S. Supreme Court expired. His federal filing deadline was therefore September 21, 2012.

In 2015, in the state supreme court, Groh filed his first and only state habeas

petition, which was denied in 2016.  (*Id.*)  This federal habeas petition followed.

## DISCUSSION

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d).  Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence.  *See id.* § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### II. Timeliness of the Petition

Groh's conviction became final on September 20, 2011.  He had one year, until September 21, 2012, to file a timely federal habeas petition.  The instant petition, however, was not filed until February 14, 2016,[1] well after the September 21, 2012 deadline.  On this record, absent statutory or equitable tolling, or a showing that he is entitled to an equitable exception, his petition is barred by AEDPA's statute of limitations and must be dismissed.

---

[1] Groh is entitled to this filing date, rather than the February 23, 2016 date listed in the docket.  The Court assumes that he put the petition in the prison mail the day he signed it (February 14, 2016) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

### A. Statutory Tolling

The federal filing deadline was September 21, 2012. In 2015, well after that deadline, Groh filed his first state habeas petition.

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). However, a state habeas petition filed after AEDPA's statute of limitations has ended cannot toll the limitations period, so any petition filed after the federal filing deadline, such as the one Groh filed in 2015, cannot serve to toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Absent a showing that Groh is entitled to equitable tolling or an equitable exception, the petition must be dismissed.

### B. Equitable Tolling

Groh alleges that he is entitled to equitable tolling because he was mentally and physically "unable" to file a timely petition. He says that he suffered injuries (a broken arm and hand) after being attacked in prison. Also, medications he took after the attack hampered him. Furthermore, he lacks legal knowledge. Only through the help of a "next friend" was he able to file the instant petition. (Pet. at 7; Dkt. 9-1 (State Habeas Petition) at 7.)

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.

3

2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Groh has not shown that he is entitled to the extraordinary relief of equitable tolling. First, his allegations of injury do not contain detail sufficient to show that he was prevented from filing a timely petition. For example, he does not state when the attack occurred, how long recovery took, or other material facts. His allegations also fail to account for the lengthy delay from 2011 to 2016, the years between when his conviction became final and the time he filed his federal petition.

Second, he has not shown diligence. This is again evidenced by the lack of any attempt to litigate his case between 2011 and 2015, when he filed his first state habeas petition. *See Fue v. Biter*, 810 F.3d 1114, 1117 (9th Cir. 2016) (insufficient diligence in waiting fourteen months before asking the court about the state of his case).

Third, his lack of legal sophistication is not itself an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002).

Absent a showing that he is entitled to an equitable exception, the petition will be dismissed.

### C. Equitable Exception: Actual Innocence

Groh contends that he is entitled to an equitable exception[2] because he is innocent of the crimes of which he was convicted. (Pet. at 7.) He was convicted of murdering his friend and roommate George Giguere. Several witnesses testified that they had heard the two men arguing aggressively on the day of the killing. Another testified that Groh called him to say, "He's not waking up . . . Usually, after our arguments, fights, he wakes up.

---

[2] An equitable exception is distinct from the doctrine of equitable tolling. "[T]he phrase 'equitable tolling' is used in describing the use of equitable power to allow the untimely filing of a habeas petition in an actual innocence case. The more accurate characterization is 'equitable exception,' because equitable tolling involves different theoretical underpinnings." *Lee*, 653 F.3d at 932 n.5.

4

1  He's not waking up . . . I think I killed him." (MTD, Ex. 1 (State Appellate Opinion) at 2-
2  3.) Groh asserts, however, he had nothing to do with the victim's death. Rather, Giguere
3  "probably fell and hit his head on the dresser due to being [both] drunk" and on
4  medication. (Dkt. 9-1 (State Habeas Petition) at 8.)

"[A] credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc). *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.*, 513 U.S. at 324. Then a petitioner must show that in light of new evidence it is more likely than not that "no reasonable juror would have convicted him," *id.* at 327, or that "every juror would have voted to acquit him," *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 327) (Kozinski, J. concurring).

A federal habeas petitioner must also tie his actual innocence claim to a constitutional error in the underlying criminal proceedings. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[S]uch evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963).

The equitable exception is not applicable here for three reasons. First, Groh has not presented evidence of any kind. His alternative theory of death is not supported by exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.

Second, his allegations are not new. He offered this explanation, one of many, to the police at the time. (MTD, Ex. 1 at 5.) Nor do his allegations match the physical evidence, and they were decisively refuted at trial:

5

> [T]he evidence strongly suggested Giguere was beaten to death. His face and body were badly bruised and bloodied and [police officer] Wilson testified that Giguere's injuries were consistent with someone who had been beaten to death. In addition, Dr. Kushner[, who performed the autopsy,] opined that Giguere's numerous injuries — including a broken nose, torn lips and swollen eyes — were consistent with being battered with an object such as a flashlight. Dr. Kushner opined that the cause of death was 'blunt force trauma of the head.' He explained that Giguere's injuries were not consistent with falling down and noted that it was unlikely that a "stuporous person under the influence of prescription medication and alcohol could conceivably have fallen and the falls resulted in' injuries like Giguere's. Giguere also had defensive wounds on his arms. His blood was all over the motel room and a criminologist Belschner determined that a wad of Giguere's hair had been forcibly removed.

(*Id.* at 8.)

Third, Groh has not shown how his allegations relate to an error in the underlying state criminal proceedings.

Groh has not shown that he is entitled to an equitable exception to AEDPA's statute of limitations. Accordingly, the petition will be dismissed as untimely.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (Dkt. No. 15) is GRANTED. The petition is DISMISSED.

A certificate of appealability will not issue. Groh has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate Docket No. 15, and close the file.

**IT IS SO ORDERED.**

**Dated:** August 16, 2016



WILLIAM H. ORRICK
United States District Judge